ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| IRIS MONSERRATE MORALES LUCRE<br><br>Parte Apelante<br><br>v.<br><br>SUCESIÓN DE OCTAVIO CARRERO ROMÁN, CARMEN CARRERO RUIZ, OCTAVIO CARRERO RUIZ Y OTROS<br><br>Parte Apelada | TA2026AP00645 | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso núm.: MZ2022CV01599<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de junio de 2026.

El 19 de junio de 2026, la señora Iris Monserrate Morales Lucre (la señora Morales Lucre o la apelante) presentó ante nos una *Apelación* en la que solicitó que revoquemos la *Sentencia* emitida y notificada el 29 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario).[1]

En el mencionado dictamen, el foro primario declaró Ha Lugar la *Moción de Desestimación* presentada por la Sucesión de Octavio Carrero Román, compuesta por Carmen Carrero Ruiz, Octavio Carrero Ruiz y Tercero desconocido (la parte apelada).

Después de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42,

---

[1] Entrada núm. 159 del caso núm. MZ2022CV01599 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

216 DPR __ (2025). Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia de la parte apelada.

Por los fundamentos que expondremos a continuación, desestimamos el recurso por ser presentado de forma tardía.

**I.**

El caso de epígrafe tuvo su origen cuando el 24 de octubre de 2022, la señora Morales Lucre instó una *Demanda* en la que solicitó la liquidación de los bienes que componen la herencia del señor Octavio Carrero Román por ser la concubina del causante.[2]

En respuesta, el 5 de marzo de 2023, la parte apelada radicó una *Contestación a la demanda* en la que afirmó que, la parte apelada no tenía el poder de administrar ni reclamar bienes de la herencia. [3] En adición, está no tenía legitimación para reclamar alguna participación en la herencia.

En lo pertinente, tras diversos incidentes procesales, el 29 de abril de 2026, el foro primario emitió y notificó una *Sentencia* en la que declaró Ha Lugar una *Moción de desestimación* al palio de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5) puesto que la apelante no tenía prueba ante sí que sostuviera su reclamo.[4] Consecuentemente, desestimó, sin perjuicio, el pleito.

Insatisfecha, el 14 de mayo de 2026, la señora Morales Lucre presentó una *Reconsideración* en la que solicitó la reapertura del descubrimiento de prueba en virtud de que aún hay evidencia pendiente que pueda favorecerla en sustentar su reclamo.[5]

El 18 de mayo de 2026, el foro primario emitió una *Resolución,* notificada el 19 de mayo de 2026, en la que declaró No Ha Lugar la *Reconsideración.*[6]

---

[2] Entrada núm. 1 del caso núm. MZ2022CV01599 en el SUMAC.
[3] Entrada núm. 27 del caso núm. MZ2022CV01599 en el SUMAC.
[4] Entrada núm. 159 del caso núm. MZ2022CV01599 en el SUMAC.
[5] Entrada núm. 162 del caso núm. MZ2022CV01599 en el SUMAC.
[6] Entrada núm. 163 del caso núm. MZ2022CV01599 en el SUMAC.

Inconforme, el 19 de junio de 2026, la apelante presentó una *Apelación* en la que formuló los siguientes señalamientos de error:

> Primer error: Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Mayagüez, al desestimar la demanda sobre división de comunidad de bienes, según la Regla 10.2 (5) de Procedimiento Civil y entender que la parte demandante-apelante no tiene derecho a un remedio y que los hechos no presentan una reclamación plausible, lo cual la parte demandada-apelada no levantó como defensa al contestar la demanda e instar reconvención.

> Segundo error: Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Mayagüez, al disponer que procede la desestimación de la demanda al no haberse presentado una tasación del inmueble, en el que la parte demandante-apelante tiene una participación, y concluir que no cuenta con prueba para sostener su caso, en referencia a los valores, como justificación adicional para la desestimación.

De umbral destacamos que, la Regla 7 (B)(5) de nuestro Reglamento, *supra*, nos permite resolver sin la oposición de la parte apelada.

## II.

### A.

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 882. Los tribunales deben examinar

su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 883. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023). Los tribunales no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005).

**B.**

El Artículo 4.006 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201 de 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24y, (Ley de la Judicatura) establece cuando este Tribunal de Apelaciones tendrá competencia. Particularmente, el Artículo 4.006 de la Ley de la Judicatura, *supra*, reconoce que tenemos facultad para atender un recurso de apelación cuando una parte recurra de una Sentencia final emitida por el Tribunal de Primera Instancia. También, la Regla 13 (A) Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 216 DPR __ (2025), dispone que una parte adversamente afectada por una sentencia civil emitida por el Tribunal de Primera Instancia podrá presentar dentro del término jurisdiccional de treinta (30) días una apelación.

Por otra parte, la Regla 83 (C) de nuestro Reglamento, *supra*, nos faculta a iniciativa propia desestimar un recurso por falta de jurisdicción cuando ocurra alguna de las circunstancias descritas en el inciso (B) de la citada regla, entre ellas por falta de jurisdicción.

**III.**

Es sabido que los Tribunales no podemos intervenir en asuntos cuando carezcamos de tener jurisdicción. Lo anterior, responde a nuestro deber ineludible de ser celosos guardianes sobre los asuntos jurisdiccionales. Así pues, cuando una parte resulta inconforme con una *Sentencia* emitida por el foro primario puede acudir ante nos a través de un recurso de apelación. El recurso de apelación debe ser presentado dentro del término jurisdiccional de treinta (30) días.

A tenor con el marco jurídico expuesto, el **29 de abril de 2026**, el TPI emitió y notificó una *Sentencia*. Insatisfecho, el **14 de mayo de 2026**, la apelante instó una *Reconsideración* sobre el dictamen. Así, el **19 de mayo de 2026**, el TPI notificó una *Resolución* en la que declaró No Ha Lugar la *Reconsideración*, emitida el 18 de mayo de 2026. Inconforme con el dictamen, el **19 de junio de 2026**, la apelante instó un recurso de *Apelación*.

Empero, denotamos que, la apelante debió haber presentado el **18 de junio de 2026** el recurso de *Apelación*, tomando en consideración que, fue notificada sobre la determinación de la *Reconsideración* el **19 de mayo de 2026**. Es decir, la radicación de dicho recurso fue uno tardío. Sin embargo, esta Curia examinó el recurso y atisbamos que, no había alguna moción justificando la demora de la apelante en instar la *Apelación*. Ciertamente, el término para radicar una *Apelación* es jurisdiccional y no de cumplimiento estricto por lo que su incumplimiento conlleva privarnos de tener jurisdicción.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso ante nos ante la presentación tardía y, por tanto, carecemos de tener jurisdicción.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones